UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 14–2086 DSF (PLAx) | Date | 7/21/14 |
|---|---|---|---|
| Title | Frango Grille USA, Inc. v. Pepe's Franchising Ltd., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order DENYING Defendant's Motion to Dismiss or Transfer (Docket No. 26)

Plaintiff Frango Grille USA, Inc. (Frango) brings this action alleging various state law claims arising out of its franchise agreement with Defendant Pepe's Franchising Ltd. (Pepe's). Pepe's moves to dismiss for forum non conveniens or, in the alternative, to transfer venue under 28 U.S.C. § 1404(a). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

## I. BACKGROUND

Pepe's is incorporated under the laws of the United Kingdom and has its principal place of business in the United Kingdom. (Decl. of Clive Sawyer (Sawyer Decl.) ¶ 4.) Pepe's grants franchises for the operation of quick service restaurants featuring Pepe's chicken food products. (Id.) Frango is a California corporation and has its principal place of business in Los Angeles County, California. (First Am. Compl. (FAC) ¶ 4.) On February 21, 2013, Frango and Pepe's entered into an extensively negotiated Master Franchise Agreement (MFA), which granted Frango the right to open a Pepe's-franchised restaurant and recruit other California franchisees. (Decl. of Elliot Ginsburg (Ginsburg Decl.) ¶ 8, Ex. 7 (MFA).) The parties also entered into a Side Letter containing additional obligations. (Ginsburg Decl. ¶ 8, Ex. 8 (Side Letter).) The MFA's forum selection clause states that "any proceedings arising out of or in connection with this Agreement shall be brought in any court of competent jurisdiction in London." (MFA §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

36.3.)[1]  The parties further agreed that English law would govern the interpretation of the MFA.  (Id. § 36.1.)  Pursuant to the California Franchise Investment Law (CFIL) and its implementing regulations, see Cal. Corp. Code § 31114; Cal. Code Regs. tit. 10, § 310.114.1, Pepe's also submitted an application to the State of California containing a Franchise Disclosure Document (FDD), (see Ginsburg Decl. ¶ 3, Ex. 2 (FDD)).  The FDD contains a California Addendum stating: "The Franchise Agreement requires application of the laws and forum of London, England.  This provision may not be enforceable under California Law."  (FDD, Ex. G.)

From March 2013 through February 2014, Frango made preparations to open a restaurant in Burbank, California.  (Sawyer Decl. ¶ 17.)  On February 28, 2014, Frango sent a letter to Pepe's stating its intent to rescind the MFA.  (Id.)

## II.   DISCUSSION

Pepe's, relying primarily on the MFA's forum selection clause, contends that London is the only proper forum for this action.  Frango argues that the clause is invalidated by the California Franchise Relations Act (CFRA), specifically California Business & Professions Code § 20040.5, which provides: "A provision in a franchise agreement restricting venue to a forum outside this state is void with respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within this state."

### A.   Applicability of CFRA

Pepe's argues that the CFRA provision does not apply because Frango is not "operating" a franchise in California.  The parties agree that Frango invested money to prepare to open a Pepe's franchise in California, but has not yet opened one.  But California courts have held that the CFRA should be "construe[d] . . . broadly to carry out [its] legislative intent . . . to protect franchise *investors*."  Thueson v. U-Haul Int'l, Inc., 144 Cal. App. 4th 664, 673 (2006).  Pepe's interpretation of the statute would be at odds with this legislative intent.  In any event, the "franchise business operating within this state" language is more properly read as defining the type of agreement the provision is intended to cover.  In other words, the provision applies to all franchise agreements that concern the operation of a franchise business within California.  The MFA clearly pertains to the operation of a California franchise, and therefore the CFRA provision

---

[1] The Side Letter states that "the English courts shall have exclusive jurisdiction over any dispute[,] claim[,] or other proceeding arising out of this letter."  (Side Letter § 3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

applies. This interpretation is also consistent with a more general CFRA provision stating that "[t]he provisions of this chapter apply to any franchise where either the franchisee is domiciled in this state or the franchised business is or has been operated in this state." Cal. Bus. & Prof. Code § 20015.

Pepe's also suggests that this provision of the CFRA is inapplicable, as Frango has not brought any claims pursuant to that statute. But the CFRA provision is not so limited. Rather, it applies to "*any claim* arising under or relating to a franchise agreement involving a franchise business operating within this state." Cal. Bus. & Prof. Code § 20040.5 (emphasis added). Pepe's further argues that the provision should apply only where imposition of the forum selection clause is "unfair." Pepe's supports this argument with two district court cases, Musavi v. Burger King Corp., No. EDCV 13-00970 DDP (SPx), 2013 WL 5798551, at *3 (C.D. Cal. Oct. 25, 2013) and Basalite Concrete Products, LLC v. Keystone Retaining Wall Sys., No. CIV. 2:10-2814 WBS KJN, 2011 WL 999198, at *4 (E.D. Cal. Mar. 17, 2011), which noted that "the purpose of § 20040.5 is to prevent California franchisees from being *unfairly* forced to litigate in a forum outside of California under a 'take it or leave it' franchise agreement." But even if this were the motivation behind the provision, its plain language applies to all clauses "restricting venue to a forum outside [California]" – not just to clauses imposed unfairly.[2] Cal. Bus. & Prof. Code § 20040.5.

Therefore, the CFRA provision applies to the present action.

### B.  Effect of Forum Selection Clause

Pepe's next argues that, even assuming the applicability of Section 20040.5, it cannot override the mandatory forum selection clause. Pepe's is correct that, "federal law . . . governs the District Court's decision whether to give effect to the parties' forum-selection clause" in diversity cases. Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 579 (2013) (citation and quotation marks omitted). In Atlantic Marine, the Supreme Court made clear that federal courts must analyze the factors laid out in 28 U.S.C. § 1404 in deciding whether to enforce a forum selection

---

[2] Moreover, both cases are readily distinguishable. In Musavi, the court did not refuse to apply the provision on this basis, but rather because it determined that the contract at issue was not a franchise agreement and therefore fell outside the provision's scope. Musavi, 2013 WL 5798551, at *3. In Basalite, the court premised its decision on the first-to-file rule, which it determined was not overridden by Section 20040.5. See Basalite, 2011 WL 999198, at *5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

clause. Id. at 579.³ The Court also clarified that, where a valid forum selection clause is at issue, the private interest factors are to be disregarded, and "a district court may consider arguments about public-interest factors only." Id. at 582.

This analysis, however, applies only to *valid* forum selection clauses. See id. at 581 n.5 ("Our analysis presupposes a contractually valid forum-selection clause."). "A contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared *by statute* or by judicial decision." Richards v. Lloyd's of London, 135 F.3d 1289, 1293 (9th Cir. 1998) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)). Therefore, if enforcement of the clause would contravene a strong public policy of California, the clause is invalid and the Atlantic Marine analysis is inapplicable. See Russel v. De Los Suenos, No. 13-CV-2081-BEN (DHB), 2014 WL 1028882, at *6 (S.D. Cal. Mar. 17, 2014) ("[T]his Court finds it appropriate for a court to consider *Bremen* arguments raised as a separate analysis [because] [t]he forum non conveniens analysis is predicated on the basic assumption that the clause is valid."); In re Cathode Ray Tube (CRT) Antitrust Litig., No. C 07-5944 SC, 2014 WL 1047207, at *2 (N.D. Cal. Mar. 13, 2014) (applying Bremen factors post-Atlantic Marine).

The Ninth Circuit has addressed this very issue in affirming the denial of a motion to dismiss or transfer under 28 U.S.C. § 1406:

> By voiding any clause in a franchise agreement limiting venue to a non-California forum for claims arising under or relating to a franchise located in the state, § 20040.5 ensures that California franchisees may litigate disputes regarding their franchise agreement in California courts. We conclude and hold that § 20040.5 expresses a strong public policy of the State of California to protect California franchisees from the expense, inconvenience, and possible prejudice of litigating in a non-California venue. A provision, therefore, that requires a California franchisee to resolve claims related to the franchise agreement in a non-California court directly contravenes this strong public policy and is unenforceable under the directives of *Bremen*.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (footnote omitted). Although Atlantic Marine has since held that courts should not analyze the validity of

---

³ The Court also stated that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*," which is analyzed under the same 1404(a) factors. Id. at 580.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

forum selection clauses under Section 1406, Atlantic Marine, 134 S. Ct. at 577-579, the Jones court's holding with respect to the Bremen analysis remains binding, see Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003) (holding that "district courts should consider themselves bound by the intervening higher authority and reject the prior opinion of this court as having been effectively overruled" only "where intervening Supreme Court authority is clearly irreconcilable with our prior circuit authority"). Therefore, under Bremen and Jones, Section 20040.5 invalidates the forum selection clause here and renders the Atlantic Marine analysis inapplicable.[4]

### C.   Application of Forum Non Conveniens Factors

The Court therefore proceeds to conduct a forum non conveniens analysis without taking into account the forum selection clause. This analysis mirrors the analysis under Section 1404(a), see Atlantic Marine, 134 S. Ct. at 580, and requires the Court to "evaluate both the convenience of the parties and various public-interest considerations" and "decide whether, on balance, a transfer would serve the convenience of parties and witnesses and otherwise promote the interest of justice," id. at 581 (citation and quotation marks omitted). The Court may consider:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones, 211 F.3d at 498-99. The Court also considers "the relevant public policy of the forum state." Id. at 499.

Dismissal is not warranted here. Although most of the MFA negotiations took place in England, (Sawyer Decl. ¶¶ 7-14), the present action will involve the application of California law.[5] Plaintiff chose to file its action here. In addition, Pepe's sought to do business in California, registered to do business here, obviously knew its forum selection

---

[4] Therefore, the Court need not reach Frango's additional argument that the clause is invalid because there was no "meeting of the minds."

[5] To the extent Pepe's may argue that some of the claims should be decided under English law, Pepe's has already admitted that the laws of both jurisdictions are the same.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

clause was not likely enforceable, and certainly should have contemplated that disputes arising out of or concerning the MFA, Side Letter, etc. would be litigated here. Most of the other private interest factors cut both ways. Because Pepe's and its co-Defendants are located in the United Kingdom and Frango resides in California, it would be impossible to select a forum that does not inconvenience some parties and witnesses. Pepe's has failed to make "a strong showing of inconvenience to warrant upsetting [Frango's] choice of forum." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).[6] This outcome is also "supported by California's strong public policy to provide a protective local forum for local franchisees." Jones, 211 F.3d at 499.

### III.   CONCLUSION

The motion to dismiss or transfer is DENIED.

IT IS SO ORDERED.

---

[6] Indeed, the showing must be even stronger where a U.S. citizen is a plaintiff. See Contact Lumber Co. v. P.T. Moges Shipping Co. Ltd., 918 F.2d 1446, 1449 (9th Cir. 1990) ("This Circuit has found that while a U.S. citizen has no absolute right to sue in a U.S. court, great deference is due plaintiffs because a showing of convenience by a party who has sued in his home forum will usually outweigh the inconvenience the defendant may have shown.").